SEA FLOWER, The (DAVENPORT v.). See Case No. 3,589.

SEAGRAVE (SARGENT v.). See Case No. 12,365.

SEAGRAVES (COMSTOCK v.). See Case No. 6,593.

SEAGRAVES (HOLBROOK v.). See Case No. 6,593.

SEAGRIST (UNITED STATES v.). See Case No. 16,245.

## Case No. 12,578.

### The SEA GULL.

[Chase, 145; [1] 2 Am. Law T. Rep. U. S. Cts. 15; 2 Balt. Law Trans. 955.]

Circuit Court, D. Maryland. 1865.

ACTIONS—PERSONAL—DEATH OF PLAINTIFF—RULE IN ADMIRALTY—MARITIME TORTS—PLEADING—JUDICIAL DISCRETION.

1. The rule that personal actions die with the person is peculiar to common law, traceable to the feudal system and its forfeitures, and does not obtain in admiralty.
[Cited in Towanda, Case No. 14,109; Holmes v. O. & C. Ry. Co., 5 Fed. 80; The Garland, Id. 926; The E. B. Ward, 17 Fed. 458; The Harrisburg v. Rickards, 119 U. S. 206, 7 Sup. Ct. 144.]

2. The process to enforce the remedy for a wrong done or injury incurred by the death of a person, may be either in personam or in rem.
[Cited in The Harrisburg v. Pickards, 119 U. S. 210, 7 Sup. Ct. 143; The A. Heaton, 43 Fed. 596.]
[See Armstrong v. Beadle, Case No. 541.]

3. A husband can recover by a proceeding in rem, against the vessel which caused the death of his wife, for the injury suffered by him thereby.
[Cited in The Epsilon, Case No. 4,506; The Highland Light, Id. 6,477; The Charles Morgan, Id. 2,618; Hollyday v. The David Reeves, Id. 6,625; The Clatsop Chief, 8 Fed. 166; The E. B. Ward, 16 Fed. 258; The Manhasset, 18 Fed. 925; The Columbia, 27 Fed. 720.]

4. A plea to a libel which sets up no matter in defense, is substantially a demurrer.

5. When such a plea is overruled, it is in the discretion of the court to allow an answer to be filed, or to enter a decree at once for the damages claimed.

6. It not having been suggested on the hearing that the facts set forth in the libel were untruly stated, and from other circumstances the court refused to allow an answer to be filed, on its overruling the plea, and entered a decree for the damages.

[Appeal from the district court of the United States for the district of Maryland.]

The steamers Sea Gull and Leary, plying

out of the port of Baltimore in the trade of the Chesapeake, came in collision, whereby the Sea Gull injured the Leary, and caused the death of the wife of the libellant in this case, who was stewardess on the Leary. Whereupon the husband filed his libel in the district court against the Sea Gull, charging that the collision was caused by the fault of that steamer, that it had caused the death of his wife, and claiming damages for the loss so done to him. The respondents plead to the libel that there was no cause of action to the husband for the death of his wife, and that if there was, his remedy was in a court of common law, and not in a court of admiralty. On this plea the libel was dismissed [case unreported], and the cause came to this court by appeal.

Wm. M. Addison and Richard R. Battel, for libellants.
Brown & Brune, for respondents.

CHASE, Circuit Justice. The libel in this case seeks redress for injuries to the wife of the libellant, terminating in her death. It alleges that the wrongs complained of were occasioned by the collision of the steamer Sea Gull with the steamer Leary, and that the collision occurred through the fault of the Sea Gull. The owners of the Sea Gull responded to the libel by a plea, that the matters alleged were not within the cognizance of the court; that the libellant had no right to sue for the alleged wrong, and the court had no jurisdiction in the premises; and that if it had jurisdiction, the proceedings should be in personam, and not in rem. Upon the hearing the libel was dismissed by the district court, and the case comes here by appeal.

The last question presented by the plea will be considered first. It is not easy to see upon what principle wrongs to persons can be distinguished in respect to relief in admiralty, from injuries to things. Both cause damages to parties, to be compensated in money; and both are occasioned by similar wrongful acts. There is, in the second volume of Wynne's "Life of Sir Leoline Jenkins," a collection of his official letters on admiralty questions, submitted to him from time to time by the lords commissioners and the other functionaries of the government, in one of which—at page 774—he says, that "the freighters, owners, and masters of certain English vessels have a good action of spoil and damages against a Dutch caper (privateer) that detained and robbed them, and might maintain the action in the court of admiralty by process against the offending ship and her commander, for damages occasioned by the loss of goods and of time, and by the violence they had suffered." This is, perhaps, the earliest instance in which the right of action in admiralty against a ship or master, for personal injuries to individuals on another ship, was asserted. It might be going too far if we were to give much weight to so ancient an authority, even of so great a judge, if there were anything in the doctrine contrary to

1 [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

sound reason. But the same point has been lately determined by a decision of a very enlightened and able judge (Judge Sprague, of the district court of Massachusetts). In the case of The Maverick, it was held by him that a steamer colliding with a vessel, and in fault, was liable for the personal injuries occasioned by the collision to the libellant, who was mate upon the other vessel. This case is in point upon the question of remedy, and I accept this authority as sufficient for the case before us upon that question.

The objection to jurisdiction, made by the plea, rests upon the propositions that a husband can not recover for injuries to his wife, after her death. It was urged in support of this objection that personal actions die with the person. But this maxim does not seem to apply to the case before us. The suit is not prosecuted by an administrator, but by the husband of the deceased, and redress is sought for damages to him through injuries to her. There are cases, indeed, in which it has been held that in a suit at law, no redress can be had by the surviving representative for injuries occasioned by the death of one through the wrong of another; but these are all common-law cases, and the common law has its peculiar rules in relation to this subject, traceable to the feudal system and its forfeitures. The case of Baker v. Bolton, 1 Camp. 493, is the leading English decision, followed in Massachusetts by the case of Carey v. Berkshire R. R. Co., 1 Cush. 475. The English parliament has corrected the English law, and supplied a remedy. The Massachusetts legislature has done the same thing for the Massachusetts law. In other states, the English precedent has not been followed. In Ford v. Monroe, 20 Wend. 210, a father recovered damages for the death of his son, killed by the negligence of the defendant's servants; and in James v. Christy, 18 Mo. 162, an action was maintained against the owner of a boat, brought by a father to recover damages for the death of his son, occasioned by a defect in the machinery. These latter authorities were approved of by Judge Sprague, in the case of Cutting v. Seabury. He observes that "the weight of authority in common-law courts seems to be against the action, but natural equity and the general principles of law are in favor of it." He adds: "It is not controverted that if a father be willfully and wrongfully deprived of the services, society, and control of his minor son, he may maintain an action against the wrong-doer if the son survive. Why, then, if the same wrong be done and aggravated by the death of the child, should his right of action be lost?" It is difficult to answer this question, and certainly it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules.

These considerations require that the plea be overruled. It sets up no matter in defense. It is, in substance, a demurrer to the libel. It avoids, indeed, by protestation, the confession of the truth of the allegations, but this is common to all demurrers. The question whether the respondent shall be permitted to answer the allegations of the libel is, therefore, one of discretion with the court. And this question would be resolved by permitting the answer to be filed, if the fact that the Sea Gull was in fault in the collision had not been fully considered and determined in another case, or if there were any reason to suppose that the facts stated in the libel in relation to the injuries caused to the libellant were untruly stated. When the cause was heard, however, there was no suggestion of this sort. Upon the whole, therefore, I shall overrule the plea, and render a decree taking the facts stated in the libel as true, without allowing an answer to be filed.

A decre will be entered in favor of the libellant for twenty-one hundred dollars. Decree entered accordingly.