NEW YORK & LONG BRANCH STEAMBOAT CO. v. JOHNSON et al.

(Circuit Court of Appeals, Third Circuit. March 27, 1912.)

No. 1,581.

ADMIRALTY (§ 20*)—JURISDICTION—TORTS—SUIT BY HUSBAND FOR INJURY TO WIFE.

A husband, whose wife has suffered an injury through a maritime tort, may maintain a suit in admiralty to recover the damages sustained by him by reason of such injury.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 216, 225, 231; Dec. Dig. § 20.*

Admiralty jurisdiction of torts, see note to Campbell v. H. Hackfeld & Co., 62 C. C. A. 279.]

Appeal from the District Court of the United States for the District of New Jersey.

Petition in admiralty by the New York & Long Branch Steamboat Company, charterer of the steamboat Little Silver, for limitation of liability. From a decree awarding damages to claimants, Borrea Johnson and Hans Johnson, petitioner appeals. Affirmed.

For opinion below, see The Little Silver, 189 Fed. 980.

McDermott & Enright, for appellant.

Eberhard & Stites, for appellees.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

BUFFINGTON, Circuit Judge. On October 19, 1909, Mrs. Borrea Johnson, a passenger on the steamboat Little Silver, en route from New York to Long Branch, was injured in a collision between that vessel and a barge towed by the tugboat Slatington. For alleged negligence in causing such injury, Mrs. Johnson brought suit in the Supreme Court of New Jersey against the New York & Long Branch Steamboat Company, the charterers of the Little Silver. Hans Johnson also brought a similar suit for the injury sustained by him through said injury to his wife, the said Borrea Johnson. Thereafter the charterer filed a libel in admiralty in the District Court of the District of New Jersey for limitation of liability, under R. S. '§§ 4281 to 4289 (U. S. Comp. St. 1901, pp. 2942 to 2945), and the acts supplementary thereto and amendatory thereof. The libel recited the suits of Hans and Borrea Johnson, and prayed, inter alia, that a moni-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion issue to compel them to prove their claims before a commissioner. Thereupon the Johnsons appeared and filed their answer to the libel, claiming damages to them, respectively, by reason of the negligence of the Little Silver in causing the injury to Borrea Johnson. The case was then proceeded in, so that the court granted the petitioner's prayer for limitation of liability, and decreed Borrea $4,000 damages and Hans $1,147, which latter sum included $447 for expenses of illness, etc. From a decree so ordering, the charterer appealed to this court.

The appeal raises three questions: First. Was the Little Silver negligent? Second. Were the amounts decreed excessive? And third. Was Hans Johnson's claim recoverable in admiralty? As to the first and second questions, it will be seen, by reference to the opinion of the court below, that its conclusions as to the negligence of the Little Silver's pilot are abundantly sustained. That pilot was familiar with the upset tide created by the meeting of the waters from the East and North Rivers, and knew the shifting character of the eddy caused thereby. Ignoring the fact that the speed of the Slatington and her barges might be somewhat impeded by such eddy, and apparently making no allowance therefor, he attempted to cut too close under the tug's stern, when he had plenty of room to avoid it, and as a result he struck the Slatington's barge well forward of its stern. As said by the court below:

"He either grossly miscalculated, or, as is more likely, took a chance."

As to the amounts of the award, we are of opinion there was evidence of injury to warrant decrees for the amounts allowed. In the nature of things, the fixation of damages may take a very considerable range, and the sums allowed are well within the ranges of the different conclusions that different minds might reach on such testimony. To no one of the members of this court has it seemed that there was any undue allowance made by the judge in the conclusion he reached only after a painstaking and thorough discussion of the proofs in his opinion.

It remains to discuss the third question, namely, whether the husband's claim was recoverable in admiralty. In that regard it might be sufficient to say that he was not a suitor in admiralty, but that, having brought his suit in a jurisdiction in which he could unquestionably maintain it (Steamboat Co. v. Chace, 83 U. S. 523, 21 L. Ed. 369), he was prevented from pursuing his remedy there by the appellant's libel, and forced (Butler v. Boston Co., 130 U. S. 527, 9 Sup. Ct. 612, 32 L. Ed. 1017; Richardson v. Harmon, 222 U. S. 96, 32 Sup. Ct. 27, 56 L. Ed. ——) to come into admiralty as a necessary party to the statutory proceeding to limit liability.

But, without basing our conclusion on that consideration, we are clear that Johnson's claim was recoverable in admiralty. The injury to Mrs. Johnson was a maritime tort, and clearly warranted maritime relief. New World v. King, 16 How. 469, 14 L. Ed. 1019; Mendell v. The Martin White, Fed. Cas. No. 9,419. The tort, then, being wholly maritime, why does not such tort constitute a maritime cause of action to every one who was injured thereby? The relations of husband and wife and parent and child are not maritime relations;

but such relations, or the implied contracts or rights growing out of such relations, do not constitute the real ground of action, when a husband, wife, parent, or child invoke admiralty relief for injury sustained by a maritime tort. In such cases the maritime tort is the real thing contested, and therefore such contest should be made under maritime rules, process, and law. The thing in action is not the relationship, but the tort. The relationship is a mere step or incident to support the action. It is true that in Savage v. New York, etc., 185 Fed. 778, 107 C. C. A. 648, the lower court in its opinion said:

"No instance of what is in substance an action per quod consortium amisit has been shown in the admiralty."

To this we cannot agree, for in The Sea Gull, Fed. Cas. No. 12,578 (to which the Supreme Court referred in Steamboat Company v. Chace, supra), it was held that:

"A husband can recover, in a proceeding in rem against the vessel which caused the death of his wife, for the injury suffered by him thereby."

The same doctrine was restated by the Chief Justice later in The Highland Light, Fed. Cas. No. 6,477, where it was said:

"Indeed, the jurisdiction for marine torts in admiralty may be said to be coextensive with the subject. It depends on the locality of the wrong, not upon its extent, character, or the relations of the persons injured."

That such right exists in the husband is but carrying to its logical conclusion the reasoning of Mr. Justice Story in Plummer v. Webb, Fed. Cas. No. 11,233, where it was held that a father may maintain a suit in the admiralty for a tortious abduction of his minor son on a voyage on the high seas, in the nature of an action per quod servitium amisit.

The decree of the court below is therefore affirmed.