**STEPHEN G. HOCH, Plaintiff**

**v.**

**VENTURE ENTERPRISES, INC., d/b/a DADDY'S RESTAURANT, Defendant**

Civil No. 77-60

**JOSEPH GUBERNICK, Plaintiff**

**v.**

**VENTURE ENTERPRISES, INC., d/b/a DADDY'S RESTAURANT, Defendant**

Civil No. 77-61

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 20, 1979

JAMES E. DOW, JR., ESQ. (PALLME, ANDUZE, MITCHELL & DOW), Charlotte Amalie, St. Thomas, V.I., *for plaintiffs*

JOEL W. MARSH, ESQ., Charlotte Amalie, St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This matter is before the Court on the motion of Lynda Hoch, wife of plaintiff, Stephen Hoch, for leave to amend the complaint and the motion of plaintiffs, Stephen Hoch and Joseph Gubernick, for entry of partial summary judgment in their favor on the issue of liability. For the reasons set forth below, Lynda Hoch's motion for leave to file an amended complaint shall be granted, and plaintiffs', Stephen Hoch and Joseph Gubernick, motion for partial summary judgment shall be denied.

### FACTUAL BACKGROUND

This lawsuit stems out of an alleged case of fish poisoning suffered by plaintiff after consuming native hind fish at defendant's restaurant, Venture Enterprises, Inc., d/b/a Daddy's Restaurant (hereafter "Daddy's"). Plaintiffs, their wives and two other couples went to Daddy's for dinner on the evening of March 4, 1976. Stephen Hoch and Joseph Gubernick ordered the native hind fish, all the other members of the group ordered non-fish dinners. The dinners were served at approximately 10:00 p.m. and another member of the group, Alice Fioto, tasted a small amount of the native hind fish served to Gubernick. Around 1:00 a.m. the following morning, Gubernick and Hoch became ill, suffering stomach cramps, nausea, diarrhea, malaise and a severe sensitivity to temperature changes. When the symptoms persisted, plaintiffs went to the emergency room at Knud-Hansen Hospital where they were diagnosed and treated by Dr. Harold Hanno. Dr. Hanno diagnosed the plaintiffs as demonstrating symptoms of "typical ciguatera poisoning". Later, Alice Fioto reported that she felt slightly nauseous and suffered diarrhea the morning of March 5, 1976. Plaintiffs subsequently brought this suit against

Daddy's on the theory that Daddy's breached its express and implied warranty that the fish was wholesome and fit for human consumption.

## MOTION TO AMEND COMPLAINT

Pursuant to Fed. Rules of Civil Procedure 15(c), Lynda Hoch, wife of plaintiff, Stephen Hoch, seeks leave to amend the complaint to assert a cause of action for loss of consortium. Lynda Hoch recognizes that this action normally would be barred under the applicable statute of limitations period, but argues that her claim should relate back to February 25, 1977, the date the original complaint was filed, relying on Rule 15(c). Defendant does not oppose this motion.

Rule 15(c) provides in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading.

In the matter sub judice, the loss of consortium claim is based upon the same allegations of negligence contained in Stephen Hoch's complaint. Thus, defendant has been given the notice that the statute of limitations is intended to afford and will not suffer prejudice by the amendment. See, e.g., Hockett v. American Airlines, Inc., 357 F.Supp. 1343 (N.D. Ill. 1973) (wife of plaintiff granted leave to amend the complaint to assert a claim for loss of consortium, and claim deemed to relate back under Rule 15(c) in that the loss of consortium cause was based upon the same allegations of negligence as those contained in the husband's complaint). Accordingly, Lynda Hoch's motion for leave to amend the complaint shall be granted and her claim shall relate back to the date of the original pleading for purposes of the limitation period.

338

Plaintiffs move for entry of partial summary judgment in their favor on the issue of liability and assert three theories of liability in support, to wit: breach of defendant's express and implied warranty that the fish was fit for human consumption, and negligence per se relying on a safety regulation which prohibits the sale of contaminated food to the public.[1] Defendant opposes said motion, arguing that material issues of fact are in dispute as to the issue of proximate causation; whether the cooked fish was unfit within the meaning of § 2—314 of the Uniform Commercial Code (hereafter U.C.C.) and whether the assumption of risk defense is applicable under the facts in the instant case.

■ After carefully reviewing the memoranda of the parties and their supporting affidavits and documents, I conclude that there are material issues of fact which will be necessary for the jury to decide. First of all, on the record before me, I cannot find that plaintiffs have conclusively established the element of proximate causation. Rather, under the case authority[2] cited by plaintiff, plaintiff has merely demonstrated that there is sufficient evidence in the matter sub judice to submit the issue of proximate cause to the jury. Moreover, defendant raised further grounds on the issue of causation, to wit: (1) no other claims or legal actions allegedly devolving from ciguatera fish poisoning have been brought against defendant with

---

[1] The Virgin Islands Sanitation Code, 19 V.I.R.&R. § 1404–1(6), provides in pertinent part:

"No person shall have, sell or offer any food which is adulterated. The term food shall include every article of food and every beverage used by man and all confectionery food as herein defined shall be deemed adulterated . . . (6) if it contains any added poisonous ingredient or any ingredient which may render it injurious to health. . . ."

[2] See, e.g., Tate v. Winn Dixie of La., Inc., 339 So. 1329 (La. App. 1976); Barfield v. F. W. Woolworth Co., 110 N.E.2d 103 (1953); Burns v. Colonial Stores, 83 S.E.2d 259 (Ga. App. 1954).

respect to other hind fish dinners served on March 4, 1976;[3] (2) where poisoning is alleged from food which it not outwardly deleterious, a plaintiff assumes a greater burden in proving causation; (3) because there is large individual variation in symptoms of ciguatera victims, it is possible that plaintiffs suffered a delayed reaction from some other food.

■■ Judge Christian's recent decision in Battiste v. St. Thomas Diving Club, 15 V.I. 184 (D.C.V.I. 1979), provides an alternate basis for denying plaintiff's motion. Battiste involved a fish poisoning action for damages brought against Villa Olga Restaurant, wherein the parties filed cross-motions for summary judgment. The defendant restaurant had argued that the implied warranty statute was inapplicable to fish poisoning because ciguatera fish poisoning is a latent natural condition in fish. The Court framing the issue as what legal standard governed the applicability of the implied warranty provisions of § 2—314 and § 2—315 to ciguatera fish poisoning (15 V.I. at 186) adopted a "reasonable expectations test", which holds it is a question of fact whether a buyer could reasonably expect to find the substance in the food consumed. Only if the plaintiff did not reasonably expect to find such a substance could it prevail on an implied warranty theory. Thus, under the Battiste rationale, there remains a factual question as to whether plaintiffs in the matter sub judice might have reasonably expected that their dinner would be contaminated by fish poisoning.

---

[3] Defendant was asked in interrogatories whether it had any evidence which would show that the fish served at Daddy's Restaurant on March 4, 1976, was not unfit for human consumption. Defendant responded as follows: Yes, I offer the fact that only this claim was made and it was made almost one year after the incident took place. Additionally, I offer the fact that most of our fish dinners are prepared using several portions of large fish; therefore, it is most unlikely that only one incident would have occurred. Defendant's Answers to Interrogatories, Nos. 78 and 79.

■ There is yet a third basis on which to premise denial of plaintiff's motion. In Bronson v. Club Comanche, Inc., 286 F.Supp. 21, 6 V.I. 683 (D.C.V.I. 1968), an action was brought against Club Comanche for alleged fish poisoning suffered after plaintiffs consumed a fish dinner in the restaurant. There, as here, plaintiffs sued on an implied warranty theory, relying on § 2—314 of the U.C.C. The Court held that the assumption of risk defense should be available to the defendant, noting:

[t]he form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger . . . may be a defense in a case of strict liability, such as this. If the consumer is fully aware of the danger and nevertheless proceeds voluntarily to make use of the product and is injured by it he is barred from recovery. This has sometimes, perhaps more accurately, been described as ceasing to place any reliance on the implied warranty rather than as assuming the risk.[4] 6 V.I. at 687–688.

Thus, in the matter sub judice, there remains a factual issue of whether, in the instant case, the assumption of risk defense should be available to defendant.[5] This will require a full factual development of the pertinent considerations, which the record presently lacks and, accordingly, Rule 56 relief is not appropriate.

On the basis of the foregoing, plaintiff's motion for entry of partial summary judgment in its favor on the issue of liability shall be denied.

### ORDER

In accordance with the reasons set forth in the Memorandum Opinion of even date, it is hereby

---

[4] Judge Christian stated in Battiste that although the analysis contained therein was slightly different, the underlying law regarding the assumption of risk defense was modified only to the extent that the assumption of risk defense would be effectively incorporated as an element of plaintiff's claim.

[5] Plaintiffs' statements in their affidavits that they had never become acquainted with the phenomenon of fish poisoning in any manner whatsoever does not effectively resolve this issue.

## ORDERED

That Lynda Hoch's motion for leave to amend the complaint shall be GRANTED and her claim shall relate back to the date of the filing of the original complaint. It is hereby

## FURTHER ORDERED

That plaintiffs', Stephen Hoch and Joseph Gubernick, motion for entry of partial summary judgment in their favor on the issue of liability is hereby DENIED.