**Wilbur T. MOORE, Plaintiff,**

v.

**EXXON TRANSPORTATION COMPANY, Defendant.**

**Civ. A. No. 80–1182–N.**

United States District Court, E. D. Virginia, Norfolk Division.

Dec. 8, 1980.

Alan P. Owens, Smith & Owens, Norfolk, Va., Short, Short, Telstad & Kerr, Newport News, Va., for plaintiff.

Geoffrey F. Birkhead, Crenshaw, Ware & Johnson, Norfolk, Va., for defendant.

## MEMORANDUM ORDER

### Background

CLARKE, District Judge.

This matter comes to the Court on plaintiff's Motion to File an Amended Complaint. On March 27, 1980, the plaintiff, Wilbur T. Moore, filed a Complaint alleging that he had been permanently injured while working for Newport News Shipbuilding and Dry Dock Company ("the Yard"), as a result of defendant's negligence, and in violation of the General Admiralty Law of the United States and other applicable statutes. The record reveals that the defendant, the owner of the S.S. EXXON FLORENCE, sent its vessel to the Yard for repairs. The plaintiff, an employee of the Yard, was injured on March 30, 1976, while working aboard this vessel. The injuries allegedly occurred when a rung on a ladder broke, causing the plaintiff to fall nearly 21 feet to the bottom of the port bunker tank. On June 30, 1980, the plaintiff filed a Motion seeking to file an Amended Complaint. The Amended Complaint would add Ella S. Moore, the plaintiff's wife, as a party plaintiff and would set forth a cause of action, on her behalf, for loss of society. The basis for this Motion is the recent decision of the Supreme Court in *American Export Lines, Inc. v. Alvarez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980), holding that general maritime law authorizes the wife of a harbor worker injured nonfatally aboard a vessel to maintain an action for damages for loss of her husband's society. The defendant opposes this Motion.

### Issues

The plaintiff argues that Rule 15 of the Federal Rules of Civil Procedure permits the filing of the Amended Complaint. Although the Motion to file this Complaint was submitted to this Court 4 years and 3 months after the injury, the plaintiff contends that the additional claim by the plaintiff's wife for loss of society is not time-barred for two reasons. First, he states that the five-year limitation provided by Section 8.01-243 of the Virginia Code, Va. Code § 8.01-243 (Repl.Vol.1977), is applicable. Second, the plaintiff argues that even if a lesser limitation applies, the claim asserted in the amended pleading relates back to the date of the original pleading. The defendant argues that this additional claim is barred because of laches. The defendant contends that in deciding whether the claim of the plaintiff's wife is barred because of laches, this Court must be governed by either the three-year limitation provided by the Jones Act, or the two-year limitation provided by the Virginia Code for personal injuries.

### Law and Conclusions

In *American Export Lines, Inc.*, the Supreme Court held that a loss of society claim was authorized by general maritime law. When general maritime claims are at issue, the equity rule of laches, rather than any rigid statute of limitations, governs. *Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 126 (4th Cir. 1966). Because laches is an equitable doctrine, a determination of whether a claim is barred by this doctrine calls for the exercise of sound discretion by the trial court. *Burnett v. New York Central Railroad*, 380 U.S. 424, 435, 85 S.Ct. 1050, 1058, 13 L.Ed.2d 941 (1965); *see West v. Marine Resources Commission*, 330 F.Supp. 966, 970 (E.D.Va.1970) [supplementing *West v. M/V Coan River*, 312 F.Supp. 1038 (E.D.Va.1970)]. This Court, however, must consider any analogous statute of limitations; such statutes, although not determinative, provide a starting point for an analysis of the question of laches. *See Giddens v. Isbrandtsen Co.*, 355 F.2d at 127; *West v. Marine Resources Commission*, 330 F.Supp. at 969. Accordingly, this Court first must determine which, if any, are the appropriate analogous statutes of limitations.

Although the plaintiff was a ship repairman, his claim, and that of his wife, are essentially based on maritime law. As the Fourth Circuit in *Isbrandtsen* stated:

[T]he Jones Act ... [p]resumably ... was adopted with seamen's circumstances in mind. On the other hand [a] [s]tate statute comprehends many other and more varied concerns, landside rather than offshore. Also, the Jones Act is of national application, thus providing a uniform criterion wherever in the United States maritime responsibilities are to be enforced.

355 F.2d at 127. Accordingly, the three–year limitation provided by the Jones Act, 46 U.S.C. § 688 (1976), rather than any limitation provided by state statute, is the logical guideline in the case at bar.[1]

■ The plaintiff's Motion seeking to file an Amended Complaint clearly was submitted to this Court well after this three–year limitation. The mere lapse of time, however, does not establish laches. Because laches is an affirmative defense, the defendant bears the ultimate burden of proving "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961); *see* Fed.R.Civ.P. 8(c). The Fourth Circuit has described the first part of this test as requiring "inexcusable or inade-

quately excused delay...." *Giddens v. Isbrandtsen Co.*, 355 F.2d at 128. The defendant's burden is initially satisfied by a showing that the action was not commenced within the period provided by the analogous statute of limitations or by other facts revealing a lack of diligence and the element of prejudice is inferred from this delay. The Court, however, must allow the plaintiff the opportunity to excuse his delay and to prove facts demonstrating a lack of actual prejudice, after which the Court must weigh the equities involved. *Id.*

■ The plaintiff here has attempted to excuse the delay in the filing of his wife's claim and to demonstrate that the defendant has not been prejudiced by the delay. We will deal first with the question of prejudice. Clearly, Mrs. Moore's right to recover depends completely on her husband's right to recover and the extent of her claim depends on the extent of his injuries.[2] *See, e. g., Benjamin v. Cleburne Truck & Body Sales, Inc.*, 424 F.Supp. 1294, 1299 (D.V.I.1976); *Francis v. Pan American Trinidad Oil Co.*, 392 F.Supp. 1252, 1257 n.9 (D.Del.1975); *Stickney v. E. R. Squibb & Sons, Inc.*, 377 F.Supp. 785, 787 (M.D.Fla. 1974). The defendant has had notice that the plaintiff was attempting to recover damages for personal injuries since the filing of the original Complaint. At that time, under the Federal Rules of Civil Pro-

---

1. In reaching this conclusion we do not imply that state statutes of limitations are totally immaterial to a determination of whether laches exists. *See Giddens v. Isbrandtsen*, 355 F.2d 125, 127 (4th Cir. 1966). The plaintiff argues that the analogous state limitation is the five–year one provided by Va.Code § 8.01–243.B. (Repl.Vol.1977). We are not convinced by the plaintiff's argument. This section applies only to injury to property and includes "actions by a parent or guardian of an infant against a tort–feasor for expenses of curing or attempting to cure such infant from the result of a personal injury or loss of services of such infant ...." *Id.* Under Virginia law, statutes of limitations are strictly construed. *Barnes v. Sears, Roebuck & Co.*, 406 F.2d 859, 862 (4th Cir. 1969). Clearly, Mrs. Moore's claim for loss of society does not fit within the strictly construed language of section 8.01–243.B. The analogous state limitation, if any, would thus be either the two–year limitation provided by Va.Code

§ 8.01–243.A. (Repl.Vol.1977) for personal injury actions, since Mrs. Moore's claim depends completely on her husband's personal injury claim, or the one–year limitation provided by Va.Code § 8.01–248 (Repl.Vol.1977) for personal actions for which no other limitation is specified. Virginia law, however, does not provide for an action by the wife of an injured individual for loss of consortium. Accordingly, analogous federal statutes of limitations provide the better guideposts for a determination of laches in the case at bar.

2. Thus, the general rule is that actions by the wife for loss of consortium are barred if the husband's claim for personal injuries is time–barred. *Francis v. Pan American Trinidad Oil Co.*, 392 F.Supp. 1252, 1257 (D.Del.1975); *see* Annot., 36 A.L.R.3d 900, 907 (1971). In the case at bar, however, the defendant has not contested the timeliness of the plaintiff's suit.

cedure, the defendant was able to initiate discovery proceedings designed to enable it to elicit from the plaintiff any pertinent information related to the scope and effect of the plaintiff's injuries, which information would also be the information pertinent to a loss of society claim by the plaintiff's wife. The record reveals that the defendant requested medical records related to the plaintiff's injury and took the plaintiff's deposition shortly after the Complaint was filed. In his deposition, taken by defense counsel on June 14, 1978, the plaintiff stated that he had sustained injuries that had destroyed his manhood. Deposition of Wilbur T. Moore at 38–42. Moreover, the medical records produced by the plaintiff reveal that he had sustained severe pelvic injuries. Thus, not only did the defendant have the right to discover the extent of the plaintiff's injuries, it did, in fact, exercise this right and, through discovery, was apprised of the extent of those injuries within 2½ years of the accident. The defendant has presented no proof of prejudice, beyond the inference arising from Mrs. Moore's delay in presenting her claim for loss of society to this Court, to combat the facts described, which facts demonstrate a lack of prejudice. We note that the filing of Mrs. Moore's claim will expose the defendant to an additional potential liability of $500,000. This alone does not establish prejudice. Prejudicial harm is not merely that a party loses what he might otherwise have kept, but that the delay in filing the claim has subjected the party to a disadvantage in establishing a claimed right or defense. For example, prejudice would be shown if the delay resulted in loss of evidence supporting the defendant's position or if the defendant had changed his position in some manner due to this delay. See *Tobacco Workers International Union Local 317 v. Lorillard Corp.*, 448 F.2d 949, 958–59 (4th Cir. 1971); *Esso International, Inc. v. S. S. Captain John*, 443 F.2d 1144, 1150 (5th Cir. 1971). Because Mrs. Moore's claim depends on the plaintiff's, the delay did not cause a loss of pertinent evidence or a change of the defendant's position. Accordingly, we find that the defendant has not been prejudiced by the delay in the filing of Mrs. Moore's claim.

■ We next address the question of whether the delay in filing Mrs. Moore's claim was adequately explained. The reasons found in the plaintiff's brief in support of his Motion are not adequate enough to overcome the presumption, triggered by the three–year limitation of the Jones Act, that Mrs. Moore's delay in filing her claim was inexcusable. The plaintiff argues that it was not until the recent Supreme Court decision in *American Export Lines, Inc. v. Alvarez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980), that a viable cause of action for loss of consortium existed. This argument is fallacious. Although the Second Circuit has held that such actions do not lie, *see Igneri v. Cie de Transports Oceaniques*, 323 F.2d 257 (2d Cir. 1963), cert. denied, 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964), the Third Circuit has approved such actions. *See New York & Long Branch Steamboat Co. v. Johnson*, 195 F. 740 (3d Cir. 1912). Furthermore, the Supreme Court held, in *Sea–Land Services v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), that the widow of a longshoreman mortally injured aboard a vessel could recover for loss of society under general maritime law. The decision of the Supreme Court in *American Export Lines, Inc.*, therefore did not create a new cause of action, it merely clarified the state of the existing law. Thus, at the time of her husband's injury, Mrs. Moore could have fashioned a viable claim based on the holdings of *Gaudet* and *New York & Long Branch Steamboat Co.* Her tardiness therefore was due not to the lack of a viable cause of action, but rather to an ignorance of her right to sue. Such ignorance is not a legally sufficient excuse for a delay in filing a claim. *See Giddens v. Isbrandtsen*, 355 F.2d at 128.

■ Notwithstanding the failure of Mrs. Moore to provide an adequate reason for her delay in filing her claim, the Court FINDS that her claim is not barred by

laches.[3] Because laches requires both prejudice and inexcusable delay, an inadequate excuse will suffice where no evidence of prejudice exists. *See id.* at 129. The recent Supreme Court decision in *American Export Lines, Inc.* did clarify a previously nebulous area of the law. Thus, a balancing of the equities, particularly in light of the evidence demonstrating a lack of prejudice to the defendant, compels the Court to permit Mrs. Moore to file her claim for loss of consortium.

Because the claims of Mrs. Moore and her husband involve common questions of law and fact, Fed.R.Civ.P. 42(a), they are ORDERED consolidated and the Amended Complaint submitted by the plaintiff is ORDERED filed.

**3.** Because of this ruling, we need not decide whether this additional claim by Mrs. Moore can be treated as an amendment to the plaintiff's Complaint that relates back to the date of filing of the original Complaint under Rule 15(c) of the Federal Rules of Civil Procedure. We note, however, that those courts that have addressed the issue apparently disagree over its resolution. *Compare Francis v. Pan American Trinidad Oil Company*, 392 F.Supp. 1252, 1258 n.11 (D.Del.1975) *and Sanseverino v. Alcoa Steamship Co.*, 276 F.Supp. 894, 896 n.2 (D.Md.1967) *with Hoch v. Venture Enterprises, Inc.*, 473 F.Supp. 541, 542 (D.V.I.1979) *and Hockett v. American Airlines, Inc.*, 357 F.Supp. 1343, 1347–48 (N.D.Ill.1973).