**Salvatore BELMONTE, Plaintiff,**

v.

**SCINDIA STEAM NAVIGATION CO., LTD., Defendant.**

**No. 81 Civ. 2029(MP).**

United States District Court,
S. D. New York.

Oct. 14, 1981.

Zimmerman & Zimmerman by Martin Lassoff, New York City, for plaintiff.

Lilly, Sullivan & Purcell by Thomas E. Stiles, New York City, for defendant.

OPINION

MILTON POLLACK, District Judge.

Defendant Scindia Steam Navigation moves to dismiss the negligence claim asserted against it by the plaintiff, a longshoreman, by reason of laches in the assertion of the claim. Plaintiff has not shown an adequate excuse for his failure to commence suit against Scindia within a reasonable time and defendant has shown prejudice from the delay. The motion to dismiss will accordingly be granted.

This suit was commenced in the Supreme Court of the State of New York and was removed to this Court on the ground of diversity of citizenship of the parties. Defendant is incorporated in India and does not have a principal place of business in the United States.

Plaintiff, Salvatore Belmonte, was a longshoreman employed by Pittston Stevedoring Company at the time of his alleged accident. He claims that on March 16, 1976, he fell while walking down the gangway of defendant Scindia's vessel, the M/V Jalarashmi, which was docked in Port Newark, New Jersey. Plaintiff received workmen's compensation from his employer allegedly pursuant to the requirements of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

On October 14, 1977, plaintiff, intending to sue the shipowner, instituted a lawsuit in the state court against the wrong party, another Indian steamship company, and also named the wrong vessel. On July 27, 1979, he again served the wrong party, this time naming the correct ship. Finally, on June 4, 1980, he re-served that summons on U.S. Navigation, an agent designated by defendant for service, which properly forwarded it to Scindia. The complaint, however, was not served on defendant until March 8, 1981, long after plaintiff was in default in service of it. Defendant interposed an answer on April 3, 1981, and removed the case to this Court three days later. Defendant promptly took a deposition from the plaintiff. On August 12, 1981, defendant moved for dismissal of the suit. Defendant contends that it was totally unaware of the alleged accident and sought some information from the plaintiff concerning the alleged occurrence and having gotten some particulars in the deposition, it was in position and moved to dismiss on the grounds of laches.

The limitary doctrine applicable to this maritime claim is laches.[1] *Larios v. Victory Carriers, Inc.*, 316 F.2d 63 (2d Cir. 1963). In applying that doctrine, the Court must look to the analogous state statute of limitations. If the plaintiff has tarried longer than the statutory period, the Court looks at the plaintiff's excuse, if any, for the delay, and the prejudice to defendant from the delay. Plaintiff has the burden of proof concerning both excuse and lack of prejudice. These factors, however, are not independent of each other,—"a weak excuse may suffice if there has been no prejudice; an exceedingly good one might still do even when there has been some." *Larios, supra,* 316 F.2d at 67. *See also Public Administrator v. Angela Compania Naviera, S.A.,* 592 F.2d 58 (2d Cir.), *cert. dismissed* 443 U.S. 928, 100 S.Ct. 15, 61 L.Ed.2d 897 (1979).

In this instance the applicable statute of limitations is New York's three year limitation for personal injury torts, N.Y.Civ. Prac.Law § 214 (McKinney 1972 and Supp. 1980). Plaintiff delayed more than four years in serving Scindia with process[2] and almost five years in furnishing a statement of his claim in a complaint.

Plaintiff seeks to excuse these inordinate delays by claiming that he could not remember the name of the ship upon which he was injured and that he could not discover the true owner. He also argues that the claims agent for the party he incorrectly served, Lamorte, Burns & Co., Inc., was also the claims agent for Scindia and thus that knowledge of a claim against it should be imputed to Scindia from the wrong summons.

Such excuses are very weak. Were plaintiff as seriously injured as he alleges, he should have remembered the name of the ship upon which it occurred. He obtained compensation from his employer because of that accident and it seems strange that he did not and was not required to name the ship at the time he filed for payments. In any event, with due diligence he should have uncovered both the ship's name and true owner. The fact that Lamorte, Burns & Co., Inc. is Scindia's claims agent is irrelevant since it is not its agent for process and has no duty to inform Scindia of claims against it. Thus any knowledge Lamorte may have had of a summons cannot be imputed to defendant.

It is further worthy of note that plaintiff continued to delay once he had served the correct party. He was in default in serving his complaint for a lengthy time.

Defendant alleges prejudice. It claims to have asked the crew aboard the M/V Jalarashmi when it was docked in New York on August 26, 1980 whether any persons on

---

1. The recently enacted uniform three year 1980 Act Limiting Maritime Tort Claims, Pub.L. No. 96–382, 94 Stat. 1525, to be codified in 46 U.S.C. § 763a, was enacted on October 6, 1980 and is thus inapplicable.

2. Under New York law, the action commences with the service of process, N.Y.Civ.Prac.Law § 203 (McKinney 1972 and Supp.1980), and thus the action here did not commence until more than four years after the accident occurred.

board were on the voyage which would have placed them on the ship when plaintiff was injured. None was. Defendant also argues that even if it could at this late date locate the people who were there, their memories would be dimmed by the passage of more than five years. Defendant points out that in plaintiff's own deposition, plaintiff could not remember such things as when his last compensation payment was received.

Because plaintiff's excuses are inadequate and because defendant's claims of prejudice are convincing, plaintiff's claim must be dismissed by reason of laches. In so doing, this Court is in accord with a clear trend in the Southern District of New York. *See, e. g., Casso v. Prudential Lines, Inc.*, 80 Civ. 3685 (September 17, 1981) (plaintiff's claim dismissed where he delayed six years in pursuing it even though he relied on agreement with defendant that the latter would have an indefinite time to appear and defend); *Potenza v. Partenreederi, M/S "Assenburg"*, 78 Civ. 5810 (November 6, 1980) (delay of several years merited dismissal even though plaintiff's first lawyer died and the second one was suspended without plaintiff's knowledge); *DeMonte v. Shipping Corp. of India, Ltd.*, 476 F.Supp. 392 (S.D.N.Y.1979) (plaintiff missed three year statute of limitations by four months and was barred because he offered no excuse and defendant was prejudiced).

Defendant's motion to dismiss this suit under the doctrine of laches is accordingly granted.

SO ORDERED.