Richard D. BURDEN, Plaintiff,

v.

EVANSVILLE MATERIALS, INC., Defendant.

Civ. A. No. 81–0148–0(G).

United States District Court, W.D. Kentucky, at Owensboro.

Sept. 29, 1982.

White, Hughes & Meredith, Bowling Green, Ky., Hugh D. Moore, Moore & Moore, Owensboro, Ky., for plaintiff.

James G. Apple, Stites, McElwain & Fowler, Louisville, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

JAMES F. GORDON, Senior District Judge.

Plaintiff Richard Burden and his wife, proposed intervenor Mabel Burden, have petitioned the Court to vacate its Order of July 13, 1982, in which we denied their motion to allow Mr. Burden to amend his complaint. He sought to enable his wife to join his personal injury suit against the defendant, so that Mrs. Burden could recover for the loss of Mr. Burden's society. Having considered new arguments and previously unnoted statutory changes, and despite the consistently skillful advocacy of defendant's counsel, we now reverse our earlier decision.

Mr. Burden alleges that he was injured on August 14, 1980 while on duty as a crewmember on defendant's vessel. His complaint alleges that defendant is liable both under the Jones Act for negligence, and under general maritime law for the unseaworthiness of defendant's vessel. According to answers he has provided to defendant's interrogatories, Mr. Burden alleges that he injured his back while moving cable by himself, and that his injury would not have occurred had there been adequate crew provided. Answers To Defendant's Interrogatories To Plaintiff, Nos. 21–23. He filed his complaint on August 31, 1981.

On February 23, 1982, Mr. Burden moved to file an amended complaint which would add Mrs. Burden as a party plaintiff and allow her to assert her cause of action for loss of society. Defendant objected on two grounds. First, defendant argued that Mrs. Burden's claim was not filed in time because more than the one year had elapsed which Kentucky allows for bringing actions alleging loss of consortium. KRS 411.145, 413.140. Defendant contended that Kentucky's statute of limitations was applicable because there is no federal statutory cause of action for loss of society in maritime cases, and thus no federal statute of limitations. Second, defendant argued that Mrs. Burden's claim should not be allowed by an amendment to her husband's complaint that would relate back to the original filing date under Fed.R.Civ.P. 15(c). That rule, said the defendant, does not allow an amendment that would add "an entirely different claim" by "a new plaintiff." On July 13, 1982, we denied Mr. Burden's motion.

### I. Whether An Amendment Is Allowed

Beginning with the defendant's second argument, the Court cannot think of any good reason why Mrs. Burden's claim should not be added to this suit. Had Mrs. Burden brought her claim in the original complaint, that would have been permitted under Fed.R.Civ.P. 20(a), which says "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or . . . arising out of the same . . . occurrence, and if any question of law or fact common to all these persons will arise in the action."

The defendant argues, however, that Mrs. Burden cannot be allowed to add her claim

because of an implied bar in Fed.R.Civ.P. 15(c). That Rule concerns the amendment of pleadings, and among other things allows parties to add new claims or defenses in amended pleadings and have them "relate back" to the filing date of the original pleadings. That allows litigants to escape from the harsh effects of statutes of limitations. Apparently, the defendant thinks Mr. and Mrs. Burden intend to make use of this Rule, presumably because they are afraid that otherwise we will hold that Mrs. Burden's claim was filed too late. And the defendant argues that we should not allow this use of the Rule because it isn't designed to allow the addition of wholly different claims by new parties. *See Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973).[1]

Yet Mr. and Mrs. Burden have given no indication that their plan is to amend their pleadings pursuant to Rule 15(c). For they would have nothing to gain by that strategy. Even if Mrs. Burden's claim were related back to the date of Mr. Burden's filing, (August 31, 1981), that would still be more than one year after his injury. On the other hand, if no relation-back is allowed, Mrs. Burden's claim will have been filed less than two years following her husband's injury (on February 23, 1982). Whether her claim is related back thus makes no difference to any statute of limitations problems she may have. Consequently, we allow Mr. and Mrs. Burden leave to amend his complaint because "justice so requires." Fed.R.Civ.P. 15(a).

## II. *Whether Mrs. Burden's Claim Is Barred*

The real issue before us is whether Mrs. Burden's action for loss of society comes too late. "It is normally proper for the trial judge to consider the statute of limitations on a motion to amend. To delay until there is a later motion to dismiss because the claim is time-barred would be a wasteful formality." *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.,* 392 F.2d 380, 381, 385 (2d Cir.1968). This is a tricky question in this case, made even more complex by passage of the 1980 Act Limiting Maritime Tort Claims ("1980 Act"), codified at 46 U.S.C. § 763a. The 1980 Act passed after Mr. Burden's injury but before filing of his complaint, and unfortunately we were not aware of it at the time of our initial ruling.

Before passage of the 1980 Act, any of at least three different time periods could control when plaintiffs had to bring suits involving personal injury or death on oceans or rivers. The statute of limitations for actions brought under the Death on the High Seas Act was two years, and was three years for actions under the Jones Act. Actions alleging unseaworthiness and brought under general maritime law were sometimes considered subject to the statute of limitations of the sitting court's forum state, or else were considered subject to the discretionary doctrine of laches. Under that doctrine, judges selected an analogous statute of limitations—which sometimes was the Jones Act's requirement and sometimes was the statute of limitations of the forum state—and then decided whether to excuse application of that limitation if equity so required. The 1980 Act was designed to bring order to this confusion by establishing a uniform national statute of limitations of three years for suits "for recovery of damages for personal injury or death, or both, arising out of a maritime tort." 46 U.S.C. § 763a. The Act took effect on October 6, 1980.

Because the 1980 Act applies to claims "arising out of maritime torts," there is little doubt that Mrs. Burden's claim would

---

1. However, because the defendant has had notice from the original filing date that the Burdens sought to enforce claims against it stemming from the events of August 14, 1980, it may be that this situation is more comparable anyhow to those in *Tiller v. Atlantic Coast Line Railroad Co.,* 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945); *De Malherbe v. International Union of Elevator Constructors,* 449 F.Supp. 1335, 1353–55 (N.D.Cal.1978); *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973) ("where the parties are the same, we think the better rule is that an amendment which adds another claim arising out of the same transaction or occurrence does relate back to the date of the original complaint.")

have been governed by the 1980 Act had Mr. Burden's injury occurred after October 6, 1980. *Cf. American Export Lines, Inc. v. Alvez,* 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980), where the Court held that under federal nonstatutory maritime law, a spouse's claim for loss of society could be joined with a personal injury suit for negligence and unseaworthiness.[2] Our decision today amounts to figuring out whether to apply the 1980 Act retroactively. If we don't, our alternative is to apply the common law doctrine of laches to decide whether Mrs. Burden's claim should be barred. In either case, we are mindful that:

> ■t is a settled canon of maritime jurisprudence that " 'it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it. by established and inflexible rules.' " *Moragne v. States Marine Lines, supra,* [398 U.S. 375, 90 S.Ct. 1772, 1780, 26 L.Ed.2d 339 (1970)] at 387, quoting with approval, *The Sea Gull,* 21 F.Cas. 909, 910 (No. 12,578) (CC Md.1865); accord, *Sea-Land Services, Inc. v. Gaudet, supra,* [414 U.S. 573, 94 S.Ct. 806, 814, 39 L.Ed.2d 9 (1974)] at 583.

*Alvez, supra* at 282–83, 100 S.Ct. at 1677–78.

### A. Retroactive application of the 1980 Act

■ In few areas of the law have courts been as inconsistent as they have in talking about or applying statutes of limitations. *Compare Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Co. of Texas,* 511 F.2d 1073, 1079 (10th Cir.1975) ("The courts must strictly adhere to statutory limitations periods") *with Peabody Coal Co. v. Train,* 518 F.2d 940, 942 (6th Cir.1975) ("This court is not given to harsh application of statutes of limitation"). On that promising note, we must decide how to treat a claimant whose claim arose but did not expire before a change in a statute of limitations that expanded the time available to bring the action.

Framed in this way, our answer is surprisingly clear. Recently the Sixth Circuit retroactively applied a Kentucky law that extended the statute of limitations for plaintiffs alleging fraud in securities cases. *Herm v. Stafford,* 663 F.2d 669 (6th Cir. 1982). *Herm,* like this case, involved a claim which arose before the legislative extension was passed, and which would have expired under the previous statute. But because the claim in *Herm* did not expire until after the effective date of the legislative extension, the Sixth Circuit refused to dismiss it. The Court relied directly on Kentucky case law, 663 F.2d at 681–82 (citing *Kiser v. Barley Mining Co.,* 397 S.W.2d 56 (Ky.1965) and *Peach v. 21 Brands Distillery,* 580 S.W.2d 235 (Ky.App.1979)), and added that because the Court's decision would keep alive a claim to remedy securities fraud, it also "comports with the policies of the federal security laws." 663 F.2d at 682. Similarly, by our decision in the present case to keep alive Mrs. Burden's claim to recover for an alleged maritime tort, we believe we are advancing the policies of the federal maritime law discussed in *Alvez.* We have neither been pointed to, nor have we been able to discover, anything in the 1980 Act or its legislative history to the contrary. 126 Cong.Rec. H770–71 (daily ed. Feb. 11, 1980); (1980) U.S.Code Cong. & Ad.News 3303.

We are aware, however, of three recent decisions which might seem at first to cut against our holding. *Gribshaw v. Ohio Barge Lines, Inc.,* 532 F.Supp. 866 (W.D.Pa. 1982); *Belmonte v. Scindia Steam Navigation Co., Ltd.,* 523 F.Supp. 530 (S.D.N.Y. 1981); *Bush v. Sumitomo Bank and Trust Co., Ltd.,* 513 F.Supp. 1051 (E.D.Tex.1981). In each case, the court either directly or implicitly refused to apply the 1980 Act retroactively. But in each case, retroactive

---

**2.** Justice Brennan wrote the Supreme Court's opinion in *Alvez,* and was joined by Justices White, Blackmun and Stevens. Chief Justice Burger and Justice Powell concurred in the result. Justice Marshall's dissenting opinion, joined by Justices Rehnquist and Stewart, only involved whether the decision of the state court below had been final.

application of the Act would have cut off a claim that otherwise was considered subject to a limitations period of arguably more than three years. All three claimants had brought unseaworthiness suits that otherwise were subject to the indefinite doctrine of laches. In two of the cases, the courts' refusals to apply the 1980 Act retroactively actually kept the claims alive beyond the 1980 Act's three year period, *Gribshaw, Bush, supra.* In the third case, where notice of the claim was properly served only five years after the alleged injury, the court dismissed the suit because of laches anyhow. *Belmonte, supra.* We believe that our case is distinguishable from these cases because our result would be different. As it is, we have enabled Mrs. Burden to pursue her claim just as the courts in *Gribshaw* and *Bush* did, and just as the court in *Belmonte* might have been willing to do with similar facts.

### B. Application of the common law laches doctrine

Even if we are wrong to give retroactive application to the 1980 Act, we believe it would not be equitable to bar Mrs. Burden's claim under the laches doctrine. As we mentioned earlier, the defendant contended that Mrs. Burden's claim should be barred because it should have been brought within the one year period established by Kentucky law for personal injury actions, KRS 413.140, including loss of consortium claims, KRS 411.145. We disagree and would not bar Mrs. Burden's claim for two reasons.

To begin with, we hold that the appropriate period within which Mrs. Burden could have brought her action was three years, not one. This requires some discussion.

Mrs. Burden's claim is based on a federal right, and assuming that the 1980 Act is not applicable, she must assert her claim within the time allowed by the discretionary doctrine of laches. As a federal court enforcing Mrs. Burden's claim, we are not bound by any state statutes of limitations. *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). True, in some areas of federal law, courts now refer to and apply state statutes of limitations almost automatically, *see McNeal v. Paine, Webber, Jackson & Curtis, Inc.,* 598 F.2d 888, 892 (5th Cir.1979).[3] But with personal injury claims brought under general maritime jurisdiction, federal courts have often referred to the Jones Act's three-year requirement instead of analogous state statutes of limitations. *Giddens v. Isbrandtsen,* 355 F.2d 125 (4th Cir.1966); *Bush v. Oceans International,* 621 F.2d 207 (5th Cir.1980).

In fact, while the Supreme Court in *McAllister v. Magnolia Petroleum Co.,* 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958), declined to adopt the Jones Act's three-year limitation as an express requirement of federal law, it effectively reached the same result in striking down a Texas two-year statute of limitations on unseaworthiness claims involving personal injuries.[4] The Texas statute impermissibly re-

**3.** Maritime tort actions such as Mrs. Burden's, like actions brought under federal statutes which lack specific timeliness provisions, are generally considered in light of the forum state's statute of limitations for similar claims. Historically, this is because of the mandate of the Rules of Decision Act, part of the Judiciary Act of 1789 and now codified as amended at 28 U.S.C. § 1652. The Rules of Decision Act states that "the laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." This Act has led many federal courts to apply the timeliness restrictions which their forum states dictate for whichever state claims bear

the closest resemblance to the federal claims being asserted. *See McNeal v. Paine, Webber, Jackson & Curtis, Inc.,* 598 F.2d 888, 891–92 (5th Cir.1979) (involving federal securities claims); *Tokarcik v. Forest Hills School District,* 665 F.2d 443, 448 (3d Cir.1981) (involving federal claims by handicapped school children). But the Rules of Decision Act does not actually govern federal claims, as *Holmberg, supra,* makes clear.

**4.** The Supreme Court declined to make the three-year requirement applicable to claims that were not brought together with Jones Act claims. The primary reason for applying the Jones Act's period universally was spelled out by Justice Brennan in his concurrence, where in distinguishing cases from other areas of fed-

stricted the seaman's federal rights, the Court declared, because "in view of the practical necessity of combining both claims in a single action, *Baltimore S.S. Co. v. Phillips, supra,* the unseaworthiness limitation effectively diminishes the time within which the seaman must commence his action under the Jones Act." 357 U.S. at 226, 78 S.Ct. at 1205.

*McAllister's* concern with the practicalities of bringing maritime tort actions points the way for us to adopt a three-year period as the appropriate duration in this case, too. To begin with, Mrs. Burden's right to recover in her loss of society claim will depend completely on her husband's right to recover, and the extent of her claim will depend on the extent of his injuries. *Compare Moore v. Exxon Transportation Company,* 502 F.Supp. 583, 586 (E.D.Va.1980) *and* cases cited there. Not only does this mean that she has little reason to press her claim until he has brought his, but also it means that the defendant has no legitimate right to seek repose from her claim until it can rightfully seek repose from his.[5]

In this way, by equalizing the time periods allowed for the bringing of the original claim and the derivative loss of society claim, we are in one sense merely copying Kentucky's pattern. We are simply replacing Kentucky's one-year requirement for both claims with the three-year provision Congress adopted in passing the Jones Act.

But most important, just as the *McAllister* court held that seamen might be pressured into bringing their Jones Act claims prematurely under the Texas statute, so too plaintiffs in Mr. Burden's position may be unlawfully pressured into bringing their tort actions prematurely if their spouses are required to bring their loss of society claims within one year. Such seamen will be pressured by the practicalities we have just mentioned that make it "desirable and preferable" to join those two kinds of claims. They might also be pressured because "if the injured seaman's action is not joined with his spouse's action for loss of society, collateral estoppel principles may preclude the relitigation of issues already determined in the earlier action." *Cruz v. Hendy International Co.,* 638 F.2d 719, 726 n. 18 (5th Cir.1981). Because of this threat to Mr. Burden's rights alone, we hold that federal law requires that we give Mrs. Burden at least three years to bring her claim.

■ Finally, if all of the above discussion and analysis is unconvincing, we have one last arrow in our quiver. It is our second reason for not barring Mrs. Burden's claim. By applying the doctrine of laches, we do not merely invoke a time limitation, but rather we must investigate the equity or inequity of permitting a claim to be enforced. *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). And because laches is an affirmative de-

---

eral law in which state statutory periods had been used, he wrote:

> Those cases represented intensely practical solutions to a practical problem in the administration of justice. In the absence of any comparable federal statute of limitations which might be applied, the Court had four choices: (1) No period of limitations at all; (2) an arbitrary period applicable in all like cases; (3) the flexible but uncertain doctrine of laches; and (4) state statutes of limitations. The state statutes were chosen by default.
>
> No such default is necessary in this case since the Court can look elsewhere for the measure of the seaman's federal right to recover for unseaworthiness .... I think that the maritime cause of action for unseaworthiness could be measured by the analogous action at law for negligence under the Jones Act, 46 U.S.C. § 688. This reference seems

especially appropriate since the seaman's remedy for unseaworthiness under the general maritime law and his remedy for negligence under the Jones Act are but two aspects of a single cause of action. *Baltimore S.S. Co. v. Phillips,* 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

357 U.S. at 229, 78 S.Ct. at 1206.

**5.** Thus while Kentucky's highest court has declared that "we can find no reason for imposing a rigid requirement, as have a few jurisdictions, that the wife's action be *joined* with the husband's," nevertheless "[w]e are of the opinion that joinder is desirable and preferable, but we believe that in the great majority of situations joinder will take place by virtue of the practicalities of the cases, or at least the actions, if separate, will be consolidated for trial." *Kotsiris v. Ling,* 451 S.W.2d 411, 412–13 (Ky.1970).

fense, it is the defendant who bears the ultimate burden of proving "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). *See Moore v. Exxon Transportation Company,* 502 F.Supp. 583, 586 (E.D.Va.1980). The defendant in this case has neither established Mrs. Burden's lack of diligence, nor the prejudice that her lassitude might have caused defendant. While we would prefer to ground our decision today on the law of this case than rely on our broad equitable discretion, still if a one-year time period is the appropriate statute of limitations for us to be using, we hold that Mrs. Burden's six-month delay wasn't fatal.

For these many reasons, the motion of the plaintiff, Richard D. Burden, and intervenor, Mabel C. Burden, to add Mabel C. Burden as a party plaintiff and to file their amended complaint is SUSTAINED. The amended complaint will be filed as of today and will be considered to be controverted by the defendant.