Ennis BUSH

v.

**SUMITOMO BANK AND TRUST COMPANY, LTD.**

Civ. A. No. B–77–481–CA.

United States District Court,
E. D. Texas,
Beaumont Division.

May 14, 1981.

**1052**

Thomas F. Rugg, Provost, Umphrey, Doyle & McPherson, Port Arthur, Tex., for Ennis Bush.

Robert M. Julian, Houston, Tex., for Sumitomo Bank & Trust Co., Ltd.

Theodore Goller, Fulbright & Jaworski, Houston, Tex., for intervenor Texas Emp. Ins. Ass'n.

## MEMORANDUM OPINION [1]

JOE J. FISHER, District Judge.

Ennis Bush brought this negligence action against Oceans International and Sumitomo Bank and Trust Company (hereafter Sumitomo Bank) after he was injured aboard the SS Seiyo Maru while employed as a longshoreman. Jurisdiction is based on

---

46 U.S.C. § 688. The plaintiff was injured on October 16, 1974, and filed suit against Oceans International on October 11, 1977. The plaintiff was permitted to amend his complaint and filed an amended complaint on February 23, 1978, naming Sumitomo Shoji K.K., Sumitomo Shintaku Ginko K.K. and Sumitomo Bank and Trust Company, Ltd., as owners of the SS Seiyo Maru. All defendants except Sumitomo Bank were dismissed without prejudice,[2] and Sumitomo Bank filed a motion for summary judgment based on the statute of limitations. The Court denied the motion and certified the question to the Court of Appeals for the Fifth Circuit. The Fifth Circuit answered the question by stating that "[t]he timeliness of a longshoreman's negligence action against the shipowner must be determined under the traditionally applied doctrine of laches. The analogous limitation period to be utilized in determining whether laches bars this action is the three-year Jones Act limitation." *Bush v. Oceans International*, 621 F.2d 207, 211 (5th Cir. 1980). Upon remand, Sumitomo again moved for summary judgment based on limitations, and it was denied as there were genuine issues as to whether the amended complaint related back to the date of the original complaint and whether the suit was barred by laches. The case was tried to the Court on March 5, 1981, the parties having waived the jury.

There is little dispute as to the events which led to the filing of this suit. Ennis Bush was working aboard the SS Seiyo Maru on October 15 and 16, 1974, loading fertilizer packed in fifty pound sacks. The bags were loaded on pallets, and raised by a sling, formed by iron bars attached to two separate cranes permanently fixed on the sides of the hatch. On both days, one of the cranes repeatedly slipped causing the load or empty sling to fall without warning. The longshoremen were alerted to watch the load or the empty sling whenever it was raised or lowered into the hatch in case it

---

**1.** This Memorandum Opinion constitutes the Findings of Fact and Conclusions of Law required by Rule 52, F.R.Civ.P.

**2.** It appears that Sumitomo Bank and Sumitomo Shintako Ginko are one in the same, and are hereafter referred to as Sumitomo Bank.

slipped. On both days, the ships crew attempted to repair the defective crane, but they were only partially successful. Immediately before the injury, the plaintiff was working in the almost filled cargo hold, an area of about twenty-five to thirty square feet. The crane operator, a fellow longshoreman, was lifting the empty sling out of the hatch when it suddenly slipped, causing the sling to fall. The iron bars struck Ennis Bush in the left side on the head, knocking him six feet. As a result of the mishap, Bush sustained serious injuries to his head.

## I. LIMITATIONS

### A. Laches

■ The Court is bound by the Fifth Circuit's ruling in this case that the timeliness of the complaint is governed by laches, using the analogous three-year Jones Act period. *Bush v. Oceans International*, 621 F.2d 207, 211 (5th Cir. 1980). The amended complaint was filed on February 23, 1978, more than three years and four months from the date of injury. Assuming that the amended complaint does not relate back to the date of the original complaint, the claim was brought after the analogous period had run. "In such situations, [the Fifth Circuit has] consistently held the plaintiff bears the burden of showing excusable delay or lack of prejudice to the defendant." *Barrois v. Nelda Faye, Inc.*, 597 F.2d 881, 884–85 (5th Cir. 1979), *citing Akers v. State Marine Lines, Inc.*, 344 F.2d 217, 220 (5th Cir. 1965).

■ The plaintiff has met his burden of showing excusable delay and lack of prejudice in this case. The plaintiff was first represented by attorneys who lead him to believe that suit had been filed long before it actually was filed. When he discovered in September, 1977, that it had not been filed, he immediately retained new counsel who filed suit on October 11, 1977, four days before the expiration of the analogous Jones Act period. The plaintiff's new counsel proceeded diligently with discovery and sought leave to amend the complaint to add, among others, Sumitomo Bank. The original defendant, Oceans International,

filed a motion for summary judgment claiming that it was not the owner of the SS Seiyo Maru, and attached a copy of portion of Lloyd's *Registry of Ships*. Oceans International stated that it did not own any of the twenty five vessels listed with the names Seiyo Maru or Seiyu Maru. The plaintiff proceeded diligently to determine who did own the vessel. Oceans International was apparently only an agent of the time charterer of the vessel, and Sumitomo Bank held a mortgage on the vessel. The motion for summary judgment filed on behalf of Oceans International was prepared and signed by the attorney for Sumitomo Bank. In addition, there was some evidence that the attorney for Oceans International and Sumitomo represented to the plaintiff that he was counsel for both.

The plaintiff also met his burden of showing that there was no prejudice to the defendant. The defendant received notice of the suit on November 10, 1977. Notice of the pendency of the suit was therefore received about the same time that it would have been received had Sumitomo Bank been named in the original complaint and served through the Secretary of State. Although it is the plaintiff's burden to show lack of prejudice, the defendant has not even suggested· how it was prejudiced by the four month delay in receiving formal notice, or the one month delay in receiving actual notice. It appears that the defendant, discovering that Ennis Bush was not employed as a seaman on the SS Seiyo Maru, believed that the suit was brought against it in error. This problem was not caused by plaintiff's delay in bringing the suit, rather, by defendant's lack of investigation once it became aware of the pendency of the litigation. In sum, the suit is not barred by the traditional doctrine of laches.

### B. Rule 15(c)—Relation Back of Amendments

■ Even if the claim were barred by laches, and the Court holds that it is not, the plaintiff's claim would be saved by Rule 15(c), F.R.Civ.P., which provides that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

At the outset, it is noted that there is no question that the claim asserted in the amended pleading arose out of the occurrence set forth in the original pleading. *See, e. g., Montalvo v. Tower Life Building*, 426 F.2d 1135, 1146 (5th Cir. 1970). The second inquiry is whether Sumitomo Bank received sufficient notice of the suit that it would not be prejudiced in defending on the merits. Sumitomo Bank received notice within one month of the filing of the original complaint. It would not have received notice much sooner had it been named then. The attorney for Oceans International who filed the motion for summary judgment is the attorney for Sumitomo Bank. The Court finds that Sumitomo Bank did receive sufficient notice of the pendency of the action. *See, e. g., Lockett v. General Finance Co. of Downtown*, 623 F.2d 1128, 1131 (5th Cir. 1980); *Montalvo v. Tower Life Building*, 426 F.2d 1135, 1146–47 (5th Cir. 1970). *See generally* 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1498 (1971).

As to the third inquiry under Rule 15(c), it is abundantly clear that Sumitomo Bank either knew or should have known that but for the mistake in naming Oceans International as the shipowner, the action would have been brought against Sumitomo. The complaint described an injury that occurred aboard the SS Seiyo Maru, and described the defendant as the vessel owner. The attorney for Oceans International, the agent of the time charterer, represented that he was also the attorney for the owner of the vessel. Since Sumitomo was the owner and knew of the pendency of the suit against the owner, it knew or should have known that it was the intended defendant. *See generally* 3 *Moore's Federal Practice* ¶ 15.15[4.–2] at 15–229 to –232 (1978 & Supp. 1980–81); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1498 at 515–16 (1971). Thus, under Rule 15(c), the plaintiff's amended complaint would relate back to the original complaint and the original complaint was filed within the analogous three-year limitations period. It would then be the defendant's burden to show inexcusable delay and prejudice, *see Barrois v. Nelda Faye, Inc.*, 597 F.2d 881, 884–85 (5th Cir. 1979), a burden clearly not met.

In short, "the Court should not give special treatment to the careless or myopic defendant whose alleged prejudice results from his own superficial investigatory practices or his poor preparation of a defense." 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1498 at 511 (1971).

C. The Uniform Statute of Limitations for Maritime Torts

The defendant argues that the plaintiff's claim should be barred by the recently enacted Uniform Statute of Limitations for Maritime Torts, 46 U.S.C. § 763a, P.L. 96–382, 94 Stat. 1525. That statute, approved on October 6, 1980, provides

That, unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

Sumitomo Bank contends that the statute is "procedural" and therefore should be applied retroactively to bar the claim in this case. The argument is without merit. First, the Court is bound by the Fifth Cir-

cuit's holding in this case that the doctrine of laches governs. *See Bush v. Oceans International*, 621 F.2d 207, 211 (5th Cir. 1980). Second, since the Court has already concluded that under Rule 15(c), F.R.Civ.P., the plaintiff's claim relates back to the date of the original pleading, the suit would not be barred by the new three year period. Third, the defendant's argument that 46 U.S.C. § 763a should be retroactively applied must fail. Although statutes of limitation have often been termed "procedural" for choice of law and other purposes, they are also considered "substantive." The distinction is no longer significant. *See Guarantee Trust Co. v. York*, 326 U.S. 99, 108–09, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1944). The defendant has not cited any cases which would indicate that a new statute of limitations should be retroactively applied. The Court finds that the opposite result should obtain as the cause of action arose and the suit filed before the statute was enacted. *See Watkins v. Barber-Colman Co., Inc.*, 625 F.2d 714, 716 (5th Cir. 1980); *James v. Home Construction Co. of Mobile, Inc.*, 621 F.2d 727, 728–29 (5th Cir. 1980); *Eastern Air Lines v. McDonnell Douglas Corp.* 532 F.2d 957, 969–70 & n.28 (5th Cir. 1976). Furthermore, the statute contains no effective date nor does it contain any suggestion that it should cut off claims that accrued before enactment.

## II. LIABILITY

The case is brought pursuant to 33 U.S.C. § 905(b) for the negligence of the vessel. The plaintiff claims that the vessel was negligent in providing a defective crane to the stevedore and in failing to adequately repair the crane with knowledge that it was unreasonably dangerous to the longshoremen. The plaintiff's proof at trial, which was virtually unopposed, showed that the crane had been slipping the day prior to the accident and the day of the accident. The ship's crew had attempted unsuccessfully to repair the crane on both days. There is no question that the injuries sustained by Bush were proximately caused by the defective crane, and the only question is whether Sumitomo Bank owed a duty to Bush to repair the crane.

The facts in this case are strikingly similar to those in *Scindia Steam Navigation Co., Ltd v. De Los Santos*, —— U.S. ——, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981), and *Scindia* controls this case. There, the Supreme Court stated that:

there are circumstances in which the shipowner has a duty to act where the danger to the longshoremen arises from the malfunctioning of the ship's gear being used in the cargo operations.

On the facts posited here, for two days prior to the accident, it had been apparent to those working with the winch that this equipment was malfunctioning. Even so, whether it could be safely used or whether it posed an unreasonable risk of harm to [the plaintiff] or other longshoremen was a matter of judgment committed to the stevedore in the first instance. The malfunctioning being obvious and [the stevedore] having continued to use it, [the owner] submits that if it was aware of the condition or charged with knowledge of it, it was nevertheless entitled to assume that [the stevedore], the specialist in loading and unloading, considered the equipment reasonably safe and was entitled to rely on that judgment.

Yet it was quite possible, it seems to us, that [the stevedore's] judgment in this respect was so obviously improvident that [the owner], if it knew of the defect and that [the stevedore] was continuing to use it, should have realized the winch presented an unreasonable risk of harm to the longshoremen, and that in such circumstances it had a duty to intervene and repair the ship's winch.

*Id.* at —— – ——, 101 S.Ct. at 1626 (footnote omitted).

The holding in *Scindia* was that the trier of fact must decide (1) whether the owner was aware that the gear was malfunctioning; (2) "whether it was so unsafe that the stevedore should have ceased using it," and (3) whether it was "so clearly unsafe that the vessel owner should have intervened and stopped the loading operation until the winch was serviceable." *Id.* at ——, 101

S.Ct. at 1627. The Court finds from the evidence that Sumitomo was aware of the condition of the crane. The Court further finds that because it slipped in an unpredictable way and because iron bars were attached as a sling while four crews of longshoremen stood below, that the stevedore should have ceased using the crane, and that the vessel owner should not have permitted loading operations to continue until the crane was properly repaired.

### III. DAMAGES

Ennis Bush was violently struck in the head and thrown six feet when the crane slipped. The injury caused him to have headaches day and night for seventeen to eighteen months. Medication was unable to relieve his pain. Although he does not presently suffer from chronic headaches, he testified that he gets dizzy and "woozy." As a result of his injuries, he can no longer be a longshoreman. He presently drives a truck and earns about two thirds of what he could earn as a longshoreman. The Court finds that the plaintiff suffered damages in the amount of FORTY THOUSAND DOLLARS ($40,000.00), including past pain and suffering and loss of earnings, future pain and suffering discounted to present value, and future loss of earnings discounted to present value.