**Richard GRIBSHAW, Plaintiff,**

v.

**OHIO BARGE LINES, INC., Defendant.**

**Civ. A. No. 81–832.**

United States District Court,
W. D. Pennsylvania.

Feb. 23, 1982.

Richard D. Gilardi, Gilardi & Cooper, Pittsburgh, Pa., for plaintiff.

Anthony Polito, Corcoran, Hardesty, Ewart, Whyte & Polito, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

Richard Gribshaw initiated this action against Ohio Barge Lines, Inc. (OBL) alleging that OBL negligently assigned him work beyond his capabilities and operated an unseaworthy vessel causing him to suffer serious physical injuries which require continual medical treatment and will likely impair his ability to earn a living. Gribshaw requests that the Court enter a judgment against OBL for the cost of his maintenance, cure and wages for the period of his disability. Gribshaw maintains the Court has jurisdiction pursuant to the Jones Act, 46 U.S.C. § 688, and general maritime law.

OBL has filed a motion for summary judgment. For the reasons set forth below the motion is granted in part and denied in part.

This Court concurs with Gribshaw's concession that his claim, to the extent it is based on the Jones Act, is barred by the statute of limitations found in 45 U.S.C. § 56. Therefore, OBL's request for summary judgment is granted as it pertains to Gribshaw's Jones Act claim.

OBL contends that Gribshaw's unseaworthiness claim, sounding in general maritime law, is also untimely and consequently should be dismissed. OBL urges this Court to retroactively apply 46 U.S.C. § 763a, enacted by Congress on October 6, 1980. Specifically 46 U.S.C. § 763a provides:

> Unless otherwise specified by law, a suit for recovery of damages for personal injuries or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

OBL underscores the fact that the last event giving rise to Gribshaw's injuries transpired on March 20, 1978. Gribshaw, OBL notes, did not file his claim until May 22, 1981, three years and two months after the cause of action accrued. Accordingly, OBL contends that Gribshaw filed his claim too late.

The Supreme Court in *Miller v. U. S.*, 294 U.S. 435, 439, 55 S.Ct. 440, 441, 79 L.Ed. 977 (1935) stated that "The law is well settled that generally a statute cannot be construed to operate retrospectively unless the legislative intention to that effect unequivocally appears." This Court, in reading 46 U.S.C. § 763a, does not discern an unequivocal legislative intent to apply the statute retroactively. To the contrary, the statute on its face makes no mention of an effective date.

The only reported decision which has confronted the issue of whether 46 U.S.C. § 763a should be retroactively applied is *Bush v. Sumitomo Bank & Trust Co., Ltd.*, 513 F.Supp. 1051 (E.D.Tex.1981).

In *Bush*, the plaintiff filed an original complaint prior to the enactment of 46 U.S.C. § 763a but within the three year limitation period specified in the statute. However, the plaintiff subsequently filed an amended complaint prior to the statute's enactment but four months beyond the statute's limitation period. The *Bush* court, in denying the defendant's request to retroactively apply the statute, noted that "under Rule 15(c), F.R.Civ.P., the plaintiff's [amended] claim relates back to the date of the original pleading [and, therefore,] the suit would not be barred by the new three year period." 513 F.Supp. at 1055. As an alternative basis for its ruling, the *Bush* court also stated that "the statute contains no effective date nor does it contain any suggestion that it should cut off claims that accrued before enactment." 513 F.Supp. at 1055. This Court agrees with the *Bush* court's alternate finding that there is no persuasive evidence indicating that the statute should be retroactively applied. Therefore, summary judgment is denied as it pertains to the defendant's request that the plaintiff's claim be barred by a retroactive application of 46 U.S.C. § 763a.

■ OBL next argues that summary judgment should be granted because the plaintiff's claims are barred by a valid release executed on October 1, 1978. The plaintiff asserts that the release does not bar his claims because the release is tainted by the plaintiff's lack of access to unbiased medical assessments of his injury and by OBL's advice to the plaintiff that he should not seek the advice of an attorney before signing the release.

The granting of a summary judgment "is a procedural device for promptly disposing of actions in which there is no genuine issue as to any material fact." 6 J. Moore, Federal Practice § 56.04[1] (2d ed. 1976) This Court finds that material issues of fact remain regarding the release. Therefore, the defendant's request for summary judgment based on the validity of the release is denied.