**Jeffrie Scott REYNOLDS, Plaintiff,**

v.

**LOGAN CHARTER SERVICE, INC., et al., Defendants.**

No. GC 82–282–WK–O.

United States District Court, N.D. Mississippi, Greenville Division.

June 9, 1983.

---

Robert A. Chaffin, Friedman & Chaffin, Houston, Tex., for plaintiff.

Harold W. Duke, Henderson, Duke & Dantone, Greenville, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, District Judge.

In this admiralty action, plaintiff, Jeffrie Scott Reynolds, sues defendants, Logan Charter Service, Inc., Logan Towing Service Co., Inc., and Twin City Barge, Inc., for injuries received while an employee of Logan Charter Service, Inc. The court has before it defendants' motion for summary judgment.

Defendants contend plaintiff's claims are barred by the three-year statutes of limitation under the Jones Act, 46 U.S.C. § 688, and general maritime law. Plaintiff originally filed his Jones Act claim in the United States District Court for the Eastern District of Texas on June 7, 1982. There is no question that this suit was filed within three years of the date of injury. On November 9, 1982, that action was dismissed for lack of personal jurisdiction. Eight days later, on November 17, 1982, plaintiff filed a motion to reconsider pursuant to Rule 59 of the Federal Rules of Civil Procedure. Said motion has not been ruled on by the district court. On November 23, 1982, this action was filed and because the injuries occurred June 15, 1979, more than three years prior to such filing, the court must determine whether the action is barred by the applicable statutes of limitation.

### I. Jones Act Claims

The Jones Act, under which plaintiff brought this action, incorporates by reference the limitation features of the Federal Employers' Liability Act (FELA), contained in 45 U.S.C. § 56, which states, "no action shall be maintained under this chapter unless commenced within three years from the date the cause of action accrued." *Id.* Plaintiff argues that although the action was filed in this court more than three years after the injuries occurred, the statute of limitations was tolled by the filing of suit in the Texas federal court, based on *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 94 (1965). In Burnett, the Supreme Court held that

When a plaintiff begins a timely FELA action in a state court having jurisdiction and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit.

380 U.S. at 434–35, 85 S.Ct. at 1057–58, 13 L.Ed.2d at 949. Defendant argues that the *Burnett* holding is a limited one which applies only when the original suit is dismissed for improper *venue* and not, as in this case, for want of jurisdiction. For support, defendants rely on *Fox v. The Eaton Corporation,* 615 F.2d 716 (6th Cir.1980) and *Cordeco Development Corp. v. Vazques,* 354 F.Supp. 1355 (D. Puerto Rico, 1972). Both cases stand for the proposition that, as a general principle, the filing of an action in a court that lacks jurisdiction, will not toll the statute of limitations.

However, the Fifth Circuit has not interpreted *Burnett* so restrictively. In *Platoro Limited, Inc. v. Unidentified Remains of A Vessel,* 614 F.2d 1051 (5th Cir.1980), the court relied on *Burnett* and *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), to toll the statute of limitations in an action which had originally been filed in a court which lacked *jurisdiction.* 614 F.2d at 1054–55. The *Platoro* court placed great emphasis on the Supreme Court's holding in *Burnett* that the "basic question is whether tolling the statute in a particular case is in keeping with the legislative intent underlying the Act itself." *Id.* at 1054. In *Burnett,* the court noted that the purpose of the statutes of limitation are to assure fairness to defendants by preventing the revival of claims that have been allowed to slumber until evidence has been lost and witnesses have disappeared. 380 U.S. at 428, 85 S.Ct. at 1054, 13 L.Ed.2d at 945. This policy, the court held, "is frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights." *Id.*

■ Here, as in *Platoro,* "[i]t would not be inconsistent with the legislative intent underlying the statute at issue to avoid the injustice that would result from the dis-

missal of [plaintiff's] claim because [he] made an erroneous choice with regard to [the jurisdiction of the court]." 614 F.2d at 1054. We are convinced that under *Burnett* and *Platoro,* the circumstances in this case warrant the tolling of the statute of limitations of the Jones Act. The filing of plaintiff's original lawsuit showed "proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure." *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962). *See also Burnett,* 380 U.S. at 428, 85 S.Ct. at 1054, 13 L.Ed.2d at 945. When the original suit was dismissed for lack of sufficient minimum contacts between defendants and the State of Texas, plaintiff immediately filed a motion for reconsideration and filed his action in this court. Under these circumstances the "policy of repose" designed to protect defendants is certainly outweighed by plaintiff's right to have his claim adjudicated under this "humane and remedial act." *Burnett,* 380 U.S. at 427, 85 S.Ct. at 1054, 13 L.Ed.2d at 945.

## II. *General Maritime Claims*

■ Defendants also contend plaintiff's claim for maintenance and cure and damages based on breach of defendants' warranty to maintain a seaworthy vessel under General Maritime Law is barred by the three-year statute of limitations contained in 46 U.S.C. § 763a which states, "[u]nless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued." *Id.* Section 763a, however, was enacted October 6, 1980, and has been interpreted as not applying retroactively to injuries which occurred prior to that date. *Gribshaw v. Ohio Barge Lines, Inc.,* 532 F.Supp. 866, 868 (W.D.Pa. 1982); *Bush v. Sumitomo Bank & Trust Co.,* 513 F.Supp. 1051, 1055 (E.D.Tex.1981). The injuries of which plaintiff complains occurred prior to October 6, 1980, and, therefore, § 763a does not apply.

Prior to the enactment of § 763a the doctrine of laches applied to general maritime tort claims. Under this doctrine the trial court had the discretion to determine and apply an analogous statute of limitation or determine that commencement was timely even though the analogous statutory time period had been exceeded. *See generally Bush. v. Oceans International,* 621 F.2d 207 (5th Cir.1980). In determining whether laches bars a seaman's general maritime claims, the Fifth Circuit has refused to impose an absolute cutoff date, but rather has used the analogous limitation period to fix the burden to prove or disprove inexcusable delay and resulting prejudice. *Id.*

Plaintiff's original action, filed within the analogous three-year statute under the Jones Act, contained an allegation of and claim for maintenance and cure, and, therefore, the burden is on defendants to prove inexcusable delay and prejudice. Because defendants have failed to even allege such delay, plaintiff's claim for maintenance and cure is not barred by laches.

■ Although plaintiff's claim for unseaworthiness was not made in the original action, we reach the same conclusion as above. Because the unseaworthiness claim was filed in this court after the analogous three-year limitation of the Jones Act, the burden is on plaintiff to show his delay was excusable and resulted in no prejudice to defendants. From the exhibits presented by plaintiff concerning the history of this litigation in the United States District Court for the Eastern District of Texas, we conclude the delay was excusable and no prejudice resulted for defendant. It was not unreasonable for plaintiff to choose the Texas court for filing his original suit and since the unseaworthiness claim arose from the identical underlying fact situation, defendants will not be prejudiced by the preservation of the claim. Accordingly, we hold plaintiff's unseaworthiness claim is not barred by the equitable doctrine of laches.

Therefore, it is

ORDERED:

That defendants' motion for summary judgment is hereby denied.