Allen **FORDHAM** and Willie **Hightower**, Plaintiffs-Appellants,

v.

**BELCHER TOWING COMPANY**, Defendant-Appellee.

No. 82–6127

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 25, 1983.

Paul F. Gerson, Miami, Fla., for plaintiffs-appellants.

Corlett, Killian, Hardeman, McIntosh & Levi, David F. McIntosh, Gerald E. Rosser, Miami, Fla., for defendant-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

The district court held that 46 U.S.C.A. § 763a, which provides that a suit for recovery of damages for personal injury or death arising out of a maritime tort must be commenced within three years from the date the cause of action accrued, barred this claim which had accrued before the statute was enacted on October 6, 1980. We reverse.

Allen Fordham and Willie Hightower were injured while working as stevedores on the M/V Pan Atlantic on November 16, 1978. On August 11, 1982, they sued Belcher Towing Company in federal court, alleging that the company had negligently used its tugboats to pull the ships from the docks. The district court dismissed the claim, holding that it was barred by the three-year statute of limitations in 46 U.S. C.A. § 763a.

Statutes generally operate prospectively only, in the absence of a clear statement to the contrary by the legislature. *Miller v. United States,* 294 U.S. 435, 439, 55 S.Ct. 440, 441, 79 L.Ed. 977 (1935). In *Miller,* a 1930 regulation did not apply to an action filed in 1932 where the cause of action had accrued in 1918. 46 U.S.C.A. § 763a contains no effective date and no suggestion that it should cut off claims which had accrued before its enactment. Therefore, it does not apply to the claims of Fordham and Hightower, which accrued at the time of the accident on November 16, 1978. *Gribshaw v. Ohio Barge Lines, Inc.,* 532 F.Supp. 866, 867 (W.D.Pa.1982) (46 U.S. C.A. § 763a did not apply where cause of action accrued in 1978, but suit was not filed until more than three years after accident). *See Nealy v. Fluor Drilling Service, Inc.,* 524 F.Supp. 789, 794 n. 1 (W.D.La. 1981) (statute did not apply where both the accident and the filing of suit occurred before 46 U.S.C.A. § 763a was enacted); *Belmonte v. Scindia Steam Navigation Co., Ltd.,* 523 F.Supp. 530, 531 n. 1 (S.D.N.Y. 1981); *Bush v. Sumitomo Bank & Trust Co., Ltd.,* 513 F.Supp. 1051, 1054–55 (E.D.Tex. 1981). *Cf. Doran v. Compton,* 645 F.2d 440 (5th Cir.1981) (1974 statute of limitations did not apply to medical malpractice claims arising from acts in 1969–1973); *Watkins v. Barber-Colman Co., Inc.,* 625 F.2d 714 (5th Cir.1980) (Georgia statute did not apply

where injury occurred prior to effective date of statute even though action was filed after statute became effective).

Prior to the enactment of 46 U.S.C.A. § 763a, there was no absolute cutoff date for the bringing of suits such as this. Courts applied the doctrine of laches, using the analogous statute of limitations to determine which party had the burden of proving or disproving inexcusable delay and resulting prejudice. *Barrios v. Nelda Faye, Inc.,* 597 F.2d 881, 884 (5th Cir.1979). Because laches is an equitable doctrine, the analogous limitations period may not be mechanically applied. *Czaplicki v. The S.S. Hoegh Silvercloud,* 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); *Bush v. Oceans International,* 621 F.2d 207, 211 n. 3 (5th Cir.1980).

■ The dismissal of the suit on the basis of 46 U.S.C.A. § 763a is reversed, and the case is remanded to the district court for determination of whether it is time-barred in accordance with the law of laches which applied at the time this action accrued.

REVERSED AND REMANDED.